IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NU RENTALS, LLC

          Plaintiff,

v.                                  CIVIL ACTION NO. 2:08-cv-01128

GARY LEE CHANDLER

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Consolidated Response to Order to Show Cause [Docket 60]. For the reasons provided below, the court **VACATES** its previous Order granting leave to the defendant to file the Third Party Complaint [Docket 51]. That Order is **AMENDED** *nunc pro tunc* to reflect that the defendant's Motion for Leave to File the Third Party Complaint [Docket 49] is **DENIED**. Accordingly, this action will remain closed.

As previously explained, the court received notice on January 6, 2010 that the plaintiff and the defendant had settled this action. The court entered an Order [Docket 48] that same day directing the Clerk to close the action by retiring it from the active docket. The Order advised the parties that they had thirty days to submit an agreed order of dismissal; otherwise, the action would be dismissed without prejudice. The Order also explained that the court would reinstate the case to the active docket if one of the parties showed good cause for doing so within thirty days. Thirty days passed and nothing was filed.

Eighty-three days later, on March 30, 2010, the defendant filed an Unopposed Motion for Leave to File Third Party Complaint [Docket 49]. That same day, the proposed Third Party Complaint, naming Chevron Corporation as a defendant, was separately entered on the docket [Docket 50]. Although it appears that the defendant did not cause the Third Party Complaint to be filed prematurely, the court still had not granted permission for the Third Party Complaint to be filed. Nonetheless, on April 5, 2010, the court granted the defendant leave to file the Third Party Complaint [Docket 51], without mentioning the fact that the action was closed and subject to dismissal without prejudice.

The parties contend that the court must have implicitly reactivated the case by virtue of its April 5th Order granting leave to file the Third Party Complaint. They request that the court amend that Order *nunc pro tunc* to reflect that the case was restored to the active docket on April 5th.[*] The court disagrees. As the issue was never raised by the parties, the court simply omitted any discussion of the status of the case in its April 5th Order. Upon further reflection, it now appears to the court that the defendant's Motion for Leave to File the Third Party Complaint [Docket 49] should have been denied. The defendant was attempting to interpose a third-party claim in a settled case that had been closed for almost three months. Because more than thirty days had passed since the court's settlement order without any action from the parties, the action was subject to dismissal without prejudice. More importantly, neither party had demonstrated good cause at that point for reinstating the case to the active docket.

---

[*] Chevron U.S.A., Inc. has joined the parties' request that the court deem this case reactivated as part of the April 5th Order. The court has given this submission very little weight. Because the defendant's Third Party Complaint names "Chevron Corporation" as the third-party defendant, "Chevron U.S.A., Inc." does not even appear to be a proper party to this litigation.

Nor have the parties demonstrated good cause for reopening the case now. The parties' chief argument for allowing the Third Party Complaint is that from the issuance of the April 5th Order until the end of October, everyone was laboring under the impression that the third-party pleading would be allowed. That shared understanding falls far short of establishing that good cause existed for restoring the case to the active docket in the first place, and there is certainly no showing of prejudice to the parties were the court not to reopen the case. Frankly, very little progress has been made in this case. After filing the Third Party Complaint, the defendant waited 119 days (out of 120 days within which to complete service of process) to have a summons for the third-party defendant issued by the Clerk. The third-party defendant should have then filed a responsive pleading or a Rule 12(b) motion within 21 days, by August 16, 2010. That did not occur. Instead, some three months after service, on October 26, 2010, the third-party defendant first appeared to notify the court that the parties had stipulated to extending the time to file an answer. As of today, the third-party defendant has yet to answer, having stipulated with the defendant to two extensions of the answer date. The answer to the Third Party Complaint is currently due on December 13, 2010, or 139 days from when service of process was completed. In short, absolutely nothing has been accomplished in this case save for the filing of the Third Party Complaint and service thereof on the putative third-party defendant. Thus, virtually no judicial resources would be wasted from disallowing the Third Party Complaint at this point.

In sum, the court **FINDS** that the parties have not demonstrated good cause for restoring this case to the active docket. Upon reconsideration, the court's April 5th Order granting the defendant leave to file the Third Party Complaint [Docket 51] is **VACATED** and **AMENDED** *nunc pro tunc*

to reflect that the defendant's Motion for Leave to File the Third Party Complaint [Docket 49] is **DENIED**. As a result, this action will remain closed.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       November 22, 2010

                _____
                Joseph R. Goodwin, Chief Judge